IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANDROUS HALL                                                                                   PETITIONER

v.                              NO. 4:20-cv-01339 SWW-PSH

DEXTER PAYNE                                                                                RESPONDENTS


FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In 1997, petitioner Androus Hall ("Hall") was convicted in an Arkansas state trial court of attempted rape, battery in the first degree, and aggravated robbery. The Arkansas Court of Appeals affirmed the convictions, although the court did so without addressing the merits of his appeal because his appellate abstract was "flagrantly deficient." See Hall v. State, 1998 WL 811452, 1 (Ark.App. 1998).

Following a series of post-conviction proceedings in state court, Hall filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas. See Hall v. Norris, 5:06-cv-00063. In the petition, he challenged his 1997 convictions on the following three grounds: 1) an out-of-court identification violated his right to due process, 2) his appellate attorney provided ineffective assistance, and 3) the state trial court erred when it denied a motion to dismiss. United States Magistrate Judge H. David Young denied the petition, see Hall v. Norris, 2006 WL 1646186 (E.D.Ark. 2006), and Hall appealed. The Court of Appeals denied Hall's application for a certificate of appealability, and the United States Supreme Court thereafter denied his petition for a writ of certiorari in 2007.

Almost fourteen years after the conclusion of 5:06-cv-00063, Hall began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he again challenged his 1997 convictions and did so on what appear to be the following three grounds: 1) his right to appeal was violated, 2) his sentence is invalid, and 3) he is actually innocent.

Respondent Dexter Payne ("Payne") then filed the pending motion to dismiss. See Docket Entry 6. In the motion, Payne maintained that the petition should be dismissed because it is a second or successive petition, and Hall did not obtain permission from the Court of Appeals to file it.

Before giving serious consideration to Payne's motion to dismiss, Hall was accorded an opportunity to file a response. In the response, Hall was asked to explain why his petition should not be dismissed for the reason advanced by Payne. Hall was given up to, and including, March 2, 2021, to file a response.

Hall has now filed his own motion to dismiss. See Docket Entry 8. In the motion, he represents the following:

> The plaintiff Androus Hall request[s] this court to please "take notice" that he desires to withdraw this habeas without prejudice so it won't cause any future harm of refiling his petition the right way by law.

>Therefore, the plaintiff prays that the court grant his request to withdraw <u>without prejudice</u> or causing any future harm to Hall refiling.

<u>See</u> Docket Entry 8 at CM/ECF 2 [emphasis in original].

There is nothing to suggest that Hall's motion to dismiss is made involuntarily or is otherwise made under duress. Consequently, the March 2, 2021, deadline for Hall to file a response to Payne's motion to dismiss is expunged, and it is recommended that Hall's motion to dismiss be granted. It is also recommended that Payne's motion to dismiss be denied as moot. This case should be dismissed without prejudice, and a separate judgment should be entered for Payne. In so recommending, the undersigned takes no position on whether the petition at bar is a second or successive petition and whether the petition may be re-filed at a later date.

DATED this 9th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE